[Civ. No. 5991. Second Appellate District, Division One.—November 18, 1930.]

HENRY EDMOND EARLE, Respondent, v. L. S. DeBESA, Appellant.

S'Renco & Lester for Appellant.

J. Russell Morton for Respondent.

CONREY, P. J.—During the months of May and June, 1925, the defendants were licensed brokers and as such

brokers were fiscal agents for sale of stock of the Pasadena Mercantile Finance Corporation, a California corporation. On or about June 2, 1925, one Edward Sloane, claiming to be a salesman of the defendants, solicited the plaintiff to purchase units of the capital stock of said Pasadena corporation. In the complaint it is alleged that said Sloane as agent of the defendants represented to plaintiff that he was a duly licensed and bonded salesman employed by the defendants; that relying upon the fact of such employment, which had been acknowledged and ratified by defendants in a previous transaction involving the purchase of a unit of capital stock of said corporation, plaintiff delivered to said defendants, through said salesman as such agent of defendants, two corporate gold bonds having a market value of $1985; that, in consideration thereof, defendants by their said agent agreed to obtain for plaintiff five units of said stock, having a par value of $5,100; that plaintiff was not familiar with the law and did not know, as defendants did well know at said time, that any issuance of said stock not in accordance with the terms of the permit issued therefor by the commissioner of corporations would be void; that said purported subscription was in violation of said permit in that no cash payment was made and the value of said bonds was not sufficient to conform with the terms of said permit, and no notes or bonds were given to cover the balance of the price of said stock. Other allegations follow in the complaint, showing false and fraudulent representations by said agent that said stock could be duly and regularly issued in consideration of delivery of said bonds, and that in reliance upon said representations the plaintiff delivered said bonds by delivering the same to said agent. Upon discovery of the falsity of said representations, plaintiff demanded rescission of said purported subscription and a return to plaintiff of said bonds or the value thereof, but defendants refused to consent thereto or to return said bonds or their value.

Judgment having been entered in favor of the plaintiff and against the defendant DeBesa, said defendant appeals therefrom. The grounds of appeal are as hereinafter stated. Appellant contends that ''the court erred for the following reasons''. Here follow eight points, numbered one to

seven, together with number nine, all of which in some form of attack challenge the authority of Sloane to act as appellant's agent in the described transaction. Point numbered eight contains the assertion that plaintiff and Sloane, in collusion, attempted to commit a fraud upon appellant. Point ten is that the court erred in permitting the plaintiff to testify concerning an offer to compromise alleged to have been made by the defendants. Point eleven is that appellant was "a duly accredited Vice-Consul of the Republic of Peru, in Los Angeles, and that therefore the court was without jurisdiction over the person of appellant".

■ Jurisdiction over actions against vice-consuls is vested in the courts of the United States, "exclusive of the courts of the several states". (Judicial Code, sec. 256; 28 U. S. C. A., approved June 30, 1926, sec. 371.) It does not appear, however, that the defendant was a vice-consul when the pleadings were filed, or at any time prior to the day when he testified at the trial. In the absence of any citation of any decision to the contrary, we are of the opinion that the court having acquired jurisdiction over the defendant, such jurisdiction was not divested by the fact that, perhaps on the very day of trial of the action, the defendant was appointed to a vice-consular office. If in the meantime the statute of limitations had run against the plaintiff's cause of action, the defendant, by means of this appointment, would be able to completely defeat the enforcement of the claim, without regard to its validity. We think that the principles of international comity, which are the basis of the statute, were not intended to produce any such result.

■ The evidence is sufficient to prove that the man Sloane was the ostensible agent of the defendant, and for the acts of such ostensible agent the defendant is responsible.

■ The plaintiff delivered his property to Sloane, relying on such agency. Sloane having sold this property and misapplied the proceeds, the defendant was properly held as bound to repay to the plaintiff the value thus lost.

■ The evidence did not necessarily establish any participation by plaintiff in the fraudulent acts of Sloane. The error assigned in relation to the ruling, upon objection to the testimony concerning an offer of compromise, is of

slight importance, and has no serious bearing upon the result of the action.

The judgment is affirmed.

Houser, J., and York, J., concurred.